FILED

FEB - 3 2012

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROYAL TERRY,<br><br>    Petitioner,<br><br>    v.<br><br>STATE OF CALIFORNIA,<br>Warden,<br><br>    Respondents.<br>_____ / | No. C 12-0082 JSW (PR)<br><br>**ORDER OF DISMISSAL;**<br>**GRANTING LEAVE TO**<br>**PROCEED IN FORMA**<br>**PAUPERIS; INSTRUCTIONS TO**<br>**CLERK**<br><br>(Docket No. 2) |

## INTRODUCTION

Petitioner, a prisoner of the State of California, has filed a habeas corpus petition challenging the constitutionality of his conviction in the state courts. Petitioner used a form complaint for a civil rights action under 42 U.S.C. § 1983. It appears that Petitioner inadvertently used the wrong form, however, because he is clear in describing his claims that he wants to file a habeas petition and challenge his state court conviction on constitutional grounds. Consequently, the Court construes the form "complaint" as a habeas petition and, because it is clear that he has not exhausted his claims to the California Supreme Court, dismisses the petition without prejudice to filing a new federal petition once all claims have been exhausted. This order also grants Petitioner's motion to proceed in forma pauperis (docket number 2).

## DISCUSSION

I    Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28

U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II    Legal Claims

An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court, such as petitioner, may not be granted unless the prisoner has first exhausted state judicial remedies, either by way of a direct appeal or in collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue he or she seeks to raise in federal court. *See* 28 U.S.C. § 2254(b),(c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987).

In California, the supreme court, intermediate courts of appeal, and superior courts all have original habeas corpus jurisdiction. *See Nino v. Galaza*, 183 F.3d 1003, 1006 n.2 (9th Cir. 1999). Although a superior court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the court of appeals. *See id.* If the court of appeals denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the supreme court. *See id.* at n.3.

Petitioner has the burden of pleading exhaustion in his habeas petition. *See Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981). Petitioner has not done so. He indicates that he was arrested in September 2011, and thereafter tried in San Francisco County Superior Court. He presently remains in San Francisco County Jail. He has not described any effort to challenge his conviction by way of direct appeal to the California Court of Appeal or the California Supreme Court, or by way of any habeas petitions filed in the state courts. It is noted that only four months elapsed between the date of his arrest and the filing of the instant petition. This would not appear sufficient time to complete his trial and properly filed direct appeals or collateral challenges to the

1 state's highest court. Lastly, no appeals or petitions in Petitioner's name appear in the
2 California Supreme Court's electronic database. To properly exhaust his claims,
3 Petitioner must properly present them to the California Supreme Court. Petitioner has
4 also not presented any exceptional circumstances to excuse his failure to exhaust. *See*
5 *Granberry*, 481 U.S. at 134. The petition will therefore be dismissed without prejudice
6 to refiling after available state judicial remedies are exhausted.

## CONCLUSION

For the foregoing reasons and for good cause shown the petition for a writ of habeas corpus is DISMISSED without prejudice.

Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court to rule on whether a Petitioner is entitled to a certificate of appealability in the same order in which the petition is decided. Petitioner has failed to make a substantial showing that his claims amounted to a denial of his constitutional rights or demonstrate that a reasonable jurist would find this Court's denial of his claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is warranted in this case

In light of Petitioner's lack of funds, his application for leave to proceed in forma pauperis is GRANTED (docket number 2).

The Clerk shall change the "Nature of Suit" code on the docket to reflect that this is a habeas corpus petition under 28 U.S.C. § 2254, and then enter judgment and close the file.

IT IS SO ORDERED.

DATED: 02/03/12

JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ROYAL S. TERRY,

        Plaintiff,

v.

CALIFORNIA STATE OF et al,

        Defendant.
_____/

Case Number: CV12-00082 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 3, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Royal S. Terry 382355
850 Bryant Street
San Francisco, CA 94105

Dated: February 3, 2012

        Richard W. Wieking, Clerk

        *Susan Imbriani*

        By: Susan Imbriani, Deputy Clerk